IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THEODORE MORRIS FOUST,         )
                               )
               Petitioner,     )
                               )
          v.                   )    1:06CV00439
                               )
JOSEPH HALL,                   )
                               )
                               )
               Respondent.     )
```

**RECOMMENDATION AND ORDER
OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 5, 1983, in the Superior Court of Guilford County, petitioner was convicted by a jury of first-degree sexual offense and first-degree kidnapping in cases 82 CRS 40223 and 40222. He was then sentenced to life imprisonment for the sexual offense and a consecutive 25-year sentence for kidnapping. Petitioner appealed, but the North Carolina Supreme Court denied the appeal. State v. Foust, 311 N.C. 351, 317 S.E.2d 385 (1984).

The record does not show that petitioner filed for certiorari with the United States Supreme Court. It shows that petitioner next filed a petition for writ of habeas corpus in this court on April 28, 1986. That petition was dismissed on the merits on August 29, 1986. Petitioner then filed a motion for appropriate relief with the trial court on December 10, 1987. That motion was denied eight days later. Petitioner filed another motion for appropriate relief in the trial court on May 8, 1991, which the

court granted and resentenced petitioner to a term of life imprisonment for the first-degree sexual offense and a consecutive term of 25 years for second-degree, as opposed to the original first-degree, kidnapping. The North Carolina Court of Appeals denied two petitions for writ of certiorari to review petitioner's resentencing. Petitioner filed a third motion for appropriate relief on October 13, 1994, and the trial court denied it some six days later. The North Carolina Court of Appeals denied a petition for writ of certiorari on December 2, 1994.

Petitioner then again filed a petition for writ of habeas corpus in this court on March 9, 1995. This petition was denied on March 27, 1996. His appeal was dismissed on October 10, 1996. Petitioner filed two more motions for appropriate relief in the trial court which were denied in 2001 and 2004. The North Carolina Court of Appeals denied petitioner's writs of certiorari on both of those denials as well. Petitioner then filed this habeas corpus petition now under consideration. He raises one ground for relief which is that his indictment for first-degree sexual offense was fatally flawed because it failed to charge a specific sex act and specify the weapon used. Respondent has now moved to dismiss the case for being time barred, among other reasons. Petitioner has filed a response and a motion for the appointment of counsel.

The respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period

---

[1] A Section 2254 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d
(continued...)

imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001) (federal conviction). When a petitioner's judgment became final prior to the enactment of the AEDPA, the one year period expired on April 24, 1997. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Here, petitioner's direct appeal was denied by the North Carolina Supreme Court on July 6, 1984. Petitioner then could have, but did not, file a petition for certiorari with the United States Supreme Court. Because he did not file one, his conviction

---

[1](...continued)
1339, 1341 (11th Cir. 1999).

-3-

Case 1:06-cv-00439-WLO-RAE   Document 14   Filed 08/15/06   Page 3 of 6

became final when his time for doing so expired 90 days later on October 4, 1984.[2] Because his conviction became final prior to the effective date of the AEDPA, petitioner had until April 24, 1997, to file his petition in this court under 28 U.S.C. § 2244(d)(1)(A). Hernandez, 225 F.3d at 439. No other subsection gives him a longer time to file. Petitioner's present petition is dated May 8, 2006. It was not, therefore, timely filed.

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, petitioner did file with the state courts seeking post-conviction relief after 1996. However, his one-year AEDPA period expired on April 24, 1997 and he did not file for any state post-conviction relief until May 2, 2001--more than four years later. Petitioner's filing of a federal habeas corpus petition did not toll his statutory time period. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Therefore, his time

---

[2]This is the date that respondent states the time for filing a petition for certiorari would have expired. Petitioner has not contested the date. Petitioner was later resentenced, however in his motion form he states that he is attacking the judgment entered in 1983 rather than the later judgment. This would seem appropriate because his claim of a defective indictment is not a claim originating in the resentencing. Finally, even if petitioner's resentencing delayed the point at which his conviction became final, nothing in the record shows that it was delayed past April 24, 1996, therefore his limitation period would still have expired on April 24, 1997.

-4-

expired before it could be tolled and without him having filed this petition in this Court. Once the time period has expired, later filings for post-conviction relief do not revive the limitations period. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

Despite the theoretical availability of equitable tolling, petitioner has done nothing to show that he would be entitled to it. In fact, he has not even directly responded to the State's contention that the petition should be dismissed on statute of limitation grounds.

The court has considered petitioner's motion for the appointment of counsel. After considering the appropriate factors such as the complexity of this case and petitioner's apparent ability to present his claims, the court finds that the motion should be denied. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds, Mallard v. United States

-5-

Case 1:06-cv-00439-WLO-RAE   Document 14   Filed 08/15/06   Page 5 of 6

District Court for Southern District of Iowa, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (holding that § 1915(d) does not authorize compulsory appointment of counsel).

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (docket no. 12) be denied.

**IT IS RECOMMENDED** that respondent's motion to dismiss (docket no. 5) be granted, the habeas petition (docket no. 1) be dismissed, and Judgment be entered dismissing this action.

/s/ Russell A. Eliason
United States Magistrate Judge

August 15, 2006